UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBERT TERRILL JONES,

v.   Case No. 8:02-cr-122-T-24EAJ
     8:06-cv-851-T-24EAJ

UNITED STATES OF AMERICA.

_____/

**ORDER**

This cause is before the Court on Defendant Albert Terrill Jones' 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-697).

BACKGROUND

On April 23, 2003, Jones and his co-defendants were charged in a one-count superseding indictment with conspiracy to possess with intent to distribute cocaine and marijuana. (Doc. cr-47 [Superseding Indictment]; Doc. cr-682 [Opinion of the United States Court of Appeals for the Eleventh Circuit]).

The opinion of the Eleventh Circuit affirming the conviction and sentence sets out the factual background of this case :

Albert Terrill Jones, Elgin Ray Lofton, Luther Ford, Ronald Ray Langdon, and Michael Wayne Cobb were indicted on charges of conspiracy to possess with intent to distribute five kilograms of cocaine, fifty grams of crack cocaine, and 100 kilograms of marijuana, in violation of section 841(a)(1) of Title 21 of the United States Code.  The conspiracy involved participants in California, Nevada, Tennessee, and Florida who shipped drugs and money across the county [sic] by parcel services.  The conspirators used text message pagers to communicate with each other.

After the conspiracy was discovered, government agents identified Marquette McCalebb as the leader or [sic] a major part of the conspiracy. Special Agent Kevin McLaughlin of the Drug Enforcement Agency learned from a former conspirator that the conspirators communicated through text message pagers.  McLaughin contacted Skytel Communications, the service providers for the pagers.  McLaughlin also contacted Federal Express, the United States Postal Service, Airborne Express, and DHL regarding shipments of drugs by mail.

McCalebb was arrested in California, and his home was searched. Agents discovered a large conspiracy ring that involved numerous participants: Jones, Langdon, Lofton, Ford, Cobb, and others. Each defendant had a different role in the conspiracy.  Ford mailed packages containing drugs to Octavius Henderson and Jones in Florida.  Ford received $50 to $100 for each package shipped. Langdon supplied McCalebb with five to ten kilograms of cocaine per week.  Lofton, in Las Vegas, received drug proceeds on behalf of McCalebb. Cobb and Jones, in Florida, received packages containing drugs.

Skytel informed McLaughlin that it maintained records of the actual text message sent by pager, and Skytel would disclose the records if it received an administrative subpoena.  McLaughlin, therefore, served Skytel with a subpoena for records of text messages sent on the defendants' pagers. McLaughlin did not obtain a search warrant.  McCalebb, Jones, Cobb and Langdon moved to suppress the text message records, and the district court determined that the defendants established a subjective expectation of privacy in the text messages and suppressed the records.

McCalebb pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine in accordance with a written plea agreement, and agreed to cooperate with the government.  At the request of the government, McCalebb's attorney obtained records pertaining to McCalebb's pager from Skytel, which were forwarded to the government. Over the other defendants' objections, the district court ruled that McCalebb would be permitted to testify regarding text messages he had sent to and

received from his co-defendants. McCalebb was the star witness of the government.

(Doc. cr-682 at pp. 2-4)(citations omitted).

After jury trial held June 9-24, 2003, Jones was found guilty of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and 100 kilograms or more of marijuana in violation of 21 U.S.C. § § 846 and 841(b)(1)(A). (Docs. cr-453-482). (See Judgment at Doc. cr-552). On October 3, 2003, the undersigned United States District Judge sentenced Jones to three hundred months incarceration. (Doc. cr-552)

Jones appealed his conviction and sentence, raising the following issues: 1) the district court abused its discretion when it admitted testimony regarding the text messages from McCalebb's pagers; 2) the district court abused its discretion when it admitted evidence of Jones' 1995 conviction, under Federal Rule of Evidence 404(b), to prove his intent to conspire to distribute drugs; 3) the district court erred, under United States v. Booker, 543 U.S. 220 (2005), when it treated the Sentencing Guidelines as mandatory in sentencing Jones.

The United States Court of Appeals for the Eleventh Circuit affirmed Jones' conviction and sentence on September 20, 2005. The mandate issued October 20, 2005. Jones signed the present motion to vacate on May 5, 2006. The motion to vacate is timely.

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Jones' motion to vacate must be DENIED.

Grounds One and Two

In ground one, Jones alleges that his conviction "on evidence in violation of 18 U.S.C. § 2703(a)[1]" violates his due process rights. In support of his claim, he alleges that DEA agent McLaughlin accessed electronic communications and records at least nine documented times without the required warrants. Jones contends that prosecuting him "on evidence seized without the antecedent warrant process as due under 18 U.S.C. § 2703(a)," imposed liberty restraints in violation of the Fifth Amendment to the Constitution. (Doc. cv-1; cr-697)

In ground two, Jones alleges that the Court violated his Fourth Amendment right to be free of illegal search and seizure, because, after the Court granted the motion suppressing the text messages, the undersigned United States District Judge allowed five Government exhibits of Skytel text messages to be admitted at trial.

---

[1] 18 U.S.C. 2703(a) reads as follows:

**2703. Required disclosure of customer communications or records**

**(a) Contents of wire or electronic communications in electronic storage.--**A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant. A governmental entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.

Grounds one and two are procedurally barred because Jones raised the claims on direct appeal and he cannot raise the claims a second time in this 2255 proceeding. In affirming Jones' judgment and conviction, the Eleventh Circuit stated:

A. The District Court Did Not Abuse Its Discretion When It Admitted Testimony By McCalebb Regarding Text Messages He Received

Jones, Langdon, and Cobb argue that the district court abused its discretion when it admitted testimony regarding the text messages from McCalebb's pager. The district court initially suppressed the text message records, which the government had obtained by administrative subpoena from Skytel. The district court nevertheless allowed testimony regarding the text messages when McCalebb pleaded guilty and agreed to testify at trial. The district court concluded that McCalebb could waive any privacy right he had with regard to the messages.

"A person has an expectation of privacy protected by the Fourth Amendment if he has a subjective expectation of privacy, and if society is prepared to recognize that expectation as objectively reasonable." United States v. Miravalles, 280 F.3d 1328, 1331 (11th Cir. 2002) (citing Katz v. United States, 389 U.S. 327, 361, 88 S. Ct. 507, 516 (1967) (Harlan, J., concurring). An individual's right to privacy is limited however. "[T]he Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed." United States v. Miller, 425 U.S. 435, 443, 96 S.Ct. 1619, 1624 (1976) (limited by statute).

We have not addressed previously the existence of a legitimate expectation of privacy in text messages or e-mails. Those circuits that have addressed the question have compared e-mails with letters sent by postal mail. Although letters are protected by the Fourth Amendment, "if a letter is sent to another, the sender's expectation of privacy ordinarily terminates upon delivery." United States v. King, 55 F.3d 1193, 1995-96 (6th Cir. 1996)(citations omitted). Similarly, an individual sending an e-mail loses "a legitimate expectation of privacy in an e-mail that had already reached its recipient." Guest v. Leis, 255 F.3d 325, 333 (6th Cir. 2001); United States v. Lifshitz, 369 F.3d 173, 190 (2d Cir. 2004). See also United States v. Maxwell, 45 M.J. 406, 418 (C.A.A.F. 1996) ("Drawing from these parallels, we can say that the transmitter of an e-mail message enjoys a reasonable expectation that police officials will not intercept the transmission without probable cause and

- 5 -

> a search warrant. However, once the transmissions are received by another person, the transmitter no longer controls its destiny."), cited in Guest, 255 F.3d at 333.
>
> The government elicited testimony from McCalebb concerning text messages that he sent or received through his pager. Because the defendants did not have a reasonable expectation of privacy in the text message received or sent by McCalebb, the district court correctly permitted McCalebb to testify regarding the content of those messages.
>
> The defendants also erroneously argue that the earlier ruling of the district court suppressing the text messages is law of the case and precludes the later decision to permit McCalebb to testify.  Whether McCalebb could testify regarding text messages that he sent and received was a separate issue from whether the government was entitled to use text messages it obtained without a warrant, and the earlier ruling was not law of the case for that issue.  McCalebb's testimony did not violate the Fourth Amendment and suppression was not warranted.

(Doc. cr-682 at pp. 6-8).

Generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in a Section 2255 proceeding. Davis v. United States, 417 U.S. 333 (1974); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981). "Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)); see also Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995) (section 2255 motion is "neither a recapitulation of nor a substitute" for direct appeal; absent changed circumstances of fact or law, court will not reconsider an issue already decided on direct appeal). The defendant has established no extraordinary circumstances that would justify reconsideration of this claim. See Schlup v. Delo, 513 U.S. 298 (1995); Davis v. United

States, 417 U.S. 333 (1974). Therefore, grounds one and two are procedurally barred due to prior resolution and do not warrant relief.

### Ground Three

In ground three, Jones alleges that the grand jury unconstitutionally admitted unlawfully obtained evidence in violation of the electronic communications privacy act (ECPA). Jones contends that the same ECPA evidence declared inadmissible for trial was also inadmissible before the grand jury under 18 U.S.C. § § 3504 and 2515. He alleges that the grand jury had no legal authority to act on unlawful evidence to impose lawful subject matter jurisdiction proceedings.

Ground three is procedurally barred because the claims should have, or could have been raised on direct appeal and were not.

Jones has not shown cause and prejudice to overcome the procedural bar as to ground three. Nor has he shown that a manifest injustice will occur if this Court does not reach the merits of the claim.

### Ground Four

Jones alleges that he was denied effective assistance of counsel because counsel failed to take injunctive action to prevent the admission of evidence found by the Court to be unconstitutional and ordered inadmissible. He contends that counsel was ineffective for failing to file a motion to dismiss the indictment following the Court's decision to suppress the text messages.

This claim is, in essence, the same claim raised in grounds one, two, and three, although couched as an ineffective assistance of counsel claim.

To prevail on a claim of ineffective assistance of counsel, the petitioner must establish deficient performance and resulting prejudice. The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984). Jones has not shown deficience performance on the part of his counsel, or that he was prejudiced by counsel's performance because the Eleventh Circuit found that the text messages were admissible. Accordingly, ground four does not warrant relief.

Accordingly, the Court orders:

That Jones' motion to vacate (Doc. cv-1; cr-697) is denied. The Clerk is directed to enter judgment against Jones in the civil case and to close that case.

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v.

Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because defendant is not entitled to a certificate of appealability, Jones is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 22, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Anthony Edward Porcelli
Albert Terrill Jones, Pro Se